UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CR595HEA(MLM) |
| | ) | |
| EMILIO SAENZ, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant Emilio Saenz' Motion to Exclude Statements

of Co-Defendant at Trial [Doc. 88] and Motion for Relief from Prejudicial Joinder [Doc. 89]. The

government has filed a Response [Doc. 91] in which the government concedes that co-defendant

Melissa Saenz' statement creates a <u>Bruton</u> problem.[1] According to the government, this statement

directly implicates defendant Emilio Saenz in the delivery of cocaine on September 27, 2005 and

because it references conduct by both Emilio and Melissa Saenz, redaction is not a viable solution.

The government believes that a separate trial for Melissa Saenz is appropriate in that defendant

Emilio Saenz does not request a separate trial from the other co-defendants.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Emilio Saenz' Motion to Exclude

Statements of Co-Defendant at Trial be **DENIED AS MOOT**. [Doc. 88]

**IT IS FURTHER RECOMMENDED** that Defendant Emilio Saenz' Motion for Relief from

Prejudicial Joinder be **GRANTED**. [Doc. 89]

---

[1] <u>Bruton v. United States</u>, 391 U.S. 123 (1968) (holding that in a trial where two or
more defendants are tried jointly the admission of a non-testifying co-defendant's confession that
expressly implicates the defendant, violates the defendant's Sixth Amendment confrontation rights,
even if the district court gives the jury limiting instructions to consider the confession only against
the co-defendant who confessed.)

**IT IS FURTHER RECOMMENDED** that a separate trial be ordered for defendant Melissa Saenz.

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  2nd  day of March, 2006.